IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
(Rural Development),

    Plaintiff

v.

JULIO ENRIQUE GONZALEZ, et al.,

    Defendants

CIVIL NO. 05-1864 (JP)

## OPINION AND ORDER

Before the Court is Plaintiff United States of America's motion to vacate sale and disburse funds (**No. 55**), and interested party Jose Cordero Rodriguez's ("Cordero") unopposed motion to intervene (**No. 58**). Plaintiff USA moves to vacate the sale to Cordero of the real property that is the subject of this action. Specifically, Plaintiff requests that Cordero be reimbursed the purchase price of $69,057.00, which was paid by Cordero following a public sale held on January 9, 2008. Plaintiff explains that the sale is invalid because Plaintiff failed to provide adequate notice of the foreclosure sale to Defendant Julio Rodriguez Gonzalez ("Rodriguez"), who was the owner of the property. Interested party Cordero agrees with Plaintiff's request to vacate the sale and reimburse him the purchase price, but also seeks additional compensation for costs and damages incurred by him as a result of the improper sale. For the reasons stated herein, both motions are **GRANTED**.

CIVIL NO. 05-1864 (JP) -2-

I. **INTRODUCTION AND BACKGROUND**

Plaintiff USA filed the instant action to recover from Defendants Gonzalez and his wife Ivette Benedicta Mendez Serrano ("Mendez") amounts owed under a mortgage note executed by Defendants in favor of Plaintiff with regard to real property described in the property registry in the Spanish language as follows:

> URBANA: Solar radicado en el Barrio Pozas del término municipal de San Sebastián, Puerto Rico, marcado con el número Ocho del Bloque U del plano de inscripción de la. Urbanización colinas verdes de dicho municipio, con un una cabida superficialde TRESCIENTOS CUARENTA Y SIETE METROS TREINTA Y SIETE CENTIMETROS CUADRADOS (247.37 m/c), en lindes al Norte, con la calle número once en distancia de veintiún metros cuadrados con cincuenta centímetros por el Sur, con el solar U nueve, en distancia de veinticinco metros, por el Este con el solar U siete en distancia de catorce metros; y por el Oeste, con la calle Número uno en distancia de dieciseis metros. Enclava una estructura con hormigón dedicada a vivienda.

Plaintiff's mortgage is recorded at page 50, volume 270 of San Sebastian, property number 14019, 3rd inscription, at the Registry of the Property of San Sebastian, Puerto Rico.

After a series of procedural events not relevant to the instant motions, the Court entered a Default Judgment against Defendants (No. 16) on June 25, 2007. On July 20, 2007, Plaintiff filed a motion for execution of judgment, requesting that the property in question be sold at a public sale (No. 17). The Court granted the motion for execution of judgment on August 8, 2007 (No. 18). Subsequently, despite his prior failure to answer or otherwise appear, Defendant Gonzalez filed a motion for leave to appear on September 15, 2007

CIVIL NO. 05-1864 (JP)           -3-

(No. 19), and a motion to alter judgment on September 17, 2007 (No. 20). On September 24, 2007, The Court granted Defendant's motion for leave to appear but denied his motion to alter judgment (No. 23). On January 9, 2008, a public sale was held and the property was awarded to interested party Cordero for the amount of $69,057.00 (No. 27).

Following the sale, Cordero encountered an ongoing series of problems in taking possession of the property. On April 1, 2008, and April 24, 2008, Cordero filed motions informing the Court that Defendants Gonzalez and Mendez continued to occupy the property, and requesting an order for eviction. The Court granted Cordero's motion for eviction on April 25, 2008 (No. 32). Defendant Gonzalez then filed a motion (No. 33) to set aside the order of eviction, which the Court denied (No. 35). Defendant Gonzalez also filed a motion to quash and annul the public sale of the property (No. 34), which the Court also denied (No. 42).

Defendant Gonzalez filed a notice of appeal (No. 39) and amended notice of appeal (No. 45). The United States Court of Appeals for the First Circuit dismissed Defendant's first appeal for lack of jurisdiction (No. 52). Defendant's second appeal was dismissed as a result of a stipulation between Plaintiff and Defendant (No. 53). Plaintiff then filed its present motion to vacate the sale awarded to Cordero and return the funds received to Cordero (No. 55). In said motion, Plaintiff explains that prior to the public sale of the

CIVIL NO. 05-1864 (JP)           -4-

property, Plaintiff inadvertently failed to notify Defendants of the sale via certified mail, return receipt requested, to their last known address, as required by Rule 51.8(a) of the Rules of Civil Procedure of Puerto Rico. As a result of this omission, Plaintiff agreed to enter into a stipulation stating that Defendant Gonzalez would voluntarily dismiss his appeal, and Plaintiff would vacate the sale of property.

The agreement between Plaintiff and Defendant reflects the will of said parties, but does not take into consideration the interests of the third party purchaser, Cordero. Therefore, Cordero filed his motion to intervene (No. 58), in which he expresses agreement with the request to vacate the sale of property and return the purchase price, but also requests that he be compensated for other significant costs expended by him as a result of the improper sale of the property. Cordero seeks reimbursement for eviction costs, registry and legal fees, construction and remodeling costs, maintenance and utilities, economic and psychological damages, and other ongoing damages and expenses, in the total amount of $25,849.28. The Court will now consider the parties' respective motions in turn.

## II. **ANALYSIS**

### A. **Plaintiff's Motion to Vacate Sale**

Plaintiff moves to vacate the public sale of property, and return to purchaser Cordero the following amounts: (1) $67,675.57 retained by the Clerk of Court, plus interest, less registry fees;

CIVIL NO. 05-1864 (JP)                -5-

and (2) $1,381.43 retained by the United States Marshals Service as fees. Defendant Gonzalez has agreed to the vacating of the sale in the stipulation entered into between Plaintiff and Gonzalez. The purchaser, Cordero, also agrees to vacating the sale and reimbursement of the purchase price. In the absence of any dispute between the parties on this issue, the Court **GRANTS** Plaintiff's motion to vacate sale and disburse funds.

B.   **Interest Party Purchaser's Motion to Intervene**

In addition to reimbursement of the purchase price paid for the property, Cordero moves the Court to order Plaintiff to pay the costs and damages incurred by Cordero as a result of the improper sale. Cordero has supplied extensive documentation as evidence of his costs associated with attempting to gain possession of the home he purchased, as well as his costs expended to renovate and maintain the building. After months of struggling to evict Defendants Gonzalez and Mendez, Cordero finally gained possession of the home and began investing in improving it. An excerpt from his motion to intervene discusses this process:

> We invested years of hard-work family savings and the money obtained from a personal loan to buy this house (refer to exhibits 35, 36 and 37). For the past year we have been making repairs and remodeling the house. We have invested in materials, labor, equipment, legal expenditures and time (refer to exhibit 38).
> . . .
> The worst of all is that this situation has caused the loss of potential buyers and tenants who get scared when I mention, as a good faith seller, there is a process to

CIVIL NO. 05-1864 (JP)             -6-

> vacate the sale (refer to *List of interested people to rent and/or buy the house*, included as exhibit 39).
> . . .
> After all the sacrifices my family and I being thru, [sic] we never enjoyed what we paid for. For more than a year I've been having continuous discussions and fights with my wife about the property delicate situation [sic] and its serious economical day by day implications. These episodes affected and are continuously affecting our matrimony relation, [sic] and for some way change the way we treat each other. I never felt more tense and anxious, and suffered as frequent nightmares. This situation obliged me to seek for professional help and begun [sic] psychological treatment last year, which had been continued until today
> . . .
> . . .
> **The plaintiff's omission to notify defendants and the consequent annulment of the sale, obviously had, is having, and in fact will have, direct consequences, losses and damages, economical and psychological, to our family.**

Cordero requests that Plaintiff USA reimburse him for the following costs and damages resulting from the sale of the property:

1. Eviction Fees: $1,330.96
2. Registry and Legal Fees: $1,237.50
3. Reconstruction and Remodeling Costs: $4,515.00
4. Maintenance and Utilities: $732.73
5. Damages, Including Economic and Psychological: $18,033.09 (calculated as follows):
   a. Monthly rental income lost: $325 x 12 months = $3,900.00
   b. Interest and charges paid on personal loan: $4,133.09
   c. Psychological, mental, and other damages: $10,000.00

Total Costs and Damages: $25,849.28

As evidence of the costs incurred, Cordero has submitted bills from service providers and vendors, copies of checks, and a list of twenty-one potential renters or purchasers. Plaintiff USA has not opposed Cordero's motion.

CIVIL NO. 05-1864 (JP)                -7-

The unusual course taken by this case has resulted in significant costs and damages to interested party Cordero. Plaintiff USA's failure to properly notify Defendants of the public sale caused Defendants to remain in the building, and to wage a legal battle that ultimately resulted in the stipulation between Plaintiff and Defendant Gonzalez under which both agree to vacate the public sale. Due to no fault of his own, purchaser Cordero has been caught in the middle of the legal issues between Plaintiff and Defendants. Cordero has never been able to fully enjoy the house that he purchased based on Plaintiff's representations that the real estate was ready for sale at a public auction.

Because purchaser Cordero did not directly purchase the property from Plaintiff USA, he formed no contractual relationship with Plaintiff. As such, Cordero may not bring a breach of contract action against Plaintiff. Nevertheless, an innocent purchaser in Cordero's position relies on the Court to use its equitable powers to restore the status quo, to the extent possible. See People v. New York Building-Loan Banking Co., 82 N.E. 184, 185 (N.Y. 1907) ("[w]ith judicial sales . . . the purchaser cannot demand damages as for a breach of contract made by the court through its officer or agent, but has to rely upon the court to do equity under the circumstances").

Cordero and his family have demonstrated that they have expended considerable costs and personal effort and have suffered mental and

CIVIL NO. 05-1864 (JP)                -8-

emotional anguish due to the series of events resulting from Plaintiff's error. The Court finds that equity requires that Plaintiff USA compensate Cordero for the costs and damages he has incurred. Finding Cordero's description of his costs to be reasonable and thoroughly documented, and in light of Plaintiff's choice to not oppose Cordero's motion, the Court **GRANTS** Cordero's motion to intervene, and awards him the full amount of costs and damages requested from Plaintiff USA. The Court hereby **ORDERS** that Plaintiff **SHALL** reimburse Cordero the amount of **$25,849.28** in costs and damages, on or before **August 15, 2009.**

## III. CONCLUSION

In conclusion, the Court **GRANTS** Plaintiff's motion to vacate sale, and **GRANTS** interested party Cordero's motion to intervene and request for costs and damages.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July, 2009.

JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE